*Decision will be entered under Rule 50.*

PITTSBURGH AND LAKE ERIE RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42764.   Promulgated June 1, 1933.

*C. C. Handy, Esq., Charles C. Paulding, Esq.*, and *Leo Manville, Esq.*, for the petitioner.

*E. C. Algire, Esq.*, for the respondent.

**OPINION.**

SMITH: On brief the respondent admits that the first issue is similar to that decided by the Board in the case of *Texas & Pacific Ry. Co.*, 9 B.T.A. 365, which has been followed consistently in numerous decisions, wherein it was held that the allowance for interest on completed additions and betterments did not constitute income in the year of final settlement with the Director General of Railroads but was income during the period of Federal control. The respondent submits that under the decision mentioned and those following it, net taxable income for the year 1920 as shown in the notice of deficiency should be increased in an amount of $24,390.92 in accordance with his alternative plea contained in his amended answer to the petition. The parties have agreed that, of the sum allowed, $24,390.92 was allowed for the two months of January and February 1920, during which the properties of this petitioner were under Federal control. The Board has consistently held that such payments to railroads on the accrual basis constituted income of the period of Federal control. We accordingly hold that the respondent erred in including $197,926.83 representing rental interest on completed additions and betterments in petitioner's 1923 income, and that the amount of $24,390.92 applicable to the two months in the taxable year 1920 under Federal control should be treated as income in 1920. See *Union Pacific R.R. Co.*, 26 B.T.A. 1126, 1132; *International-Great Northern R.R. Co.*, 24 B.T.A. 726, 747.

The other issue is whether the back mail pay received by the petitioner in 1920 and 1921 pursuant to a decision of the Interstate Commerce Commission on December 23, 1919, but not served on the interested parties or made public until January 15, 1920, constitutes taxable income for 1920. We have no information as to the year or years for which this back mail pay was allowed. Neither have we any explanation of or reason for two payments, one in 1920 and one in 1921, instead of a single payment in 1920. The respondent submits that the entire amount is taxable in 1920 under our decision in *International-Great Northern R.R. Co., supra.* We there considered the question of when a similar payment under the same Interstate Commerce Commission decision constituted income to the taxpayer on the accrual basis. There, the respondent contended that the back mail pay constituted income in neither 1919 nor 1920, but in 1916 and 1917, for which years the additional compensation was paid. Here, the petitioner insists that the payments in 1920 and 1921 constituted income of 1919, even though it reported these payments as income of the years in which they were received.

We have reexamined our decision on this point in the *International-Great Northern R.R. Co.* case, particularly in view of the possible effect of the decisions of the Supreme Court in *United States* v. *Anderson*, 269 U.S. 422; *Continental Tie & Lumber Co.* v. *United States*, 286 U.S. 290, to which reference has been made by the petitioner. The underlying principle of these cases is that the earnings of a particular taxable period should be offset by the expenses incident to producing those earnings. In the earlier case, the taxpayer's books showed the accrual of munitions taxes in 1916 and the Court held that the amount of such taxes was deductible in computing the income tax for that year. Some point is made by the petitioner in the instant proceeding that the deduction of the accrued taxes in the *Anderson* case, *supra*, was allowed pursuant to a Treasury decision promulgated in January 1917 and by analogy contends that the promulgation of the Interstate Commerce Commission decision authorizing the back mail pay here involved warrants the accrual of the amount of such back mail pay in 1919. It is to be noted that this taxpayer did not accrue the amounts of the back mail pay upon its books in any year prior to the receipt of such payments. In the later case it was held that a payment made to the taxpayer, also on the accrual basis, constituted income in 1920 when the right to the payment became fixed by the Transportation Act of 1920, and not in a subsequent year when the award was actually made.

In *International-Great Northern R.R. Co., supra,* we said:

The only compensation which the carriers had assurance of receiving for the transportation of mail was that named in the Act of Congress [approved July 28, 1916] and which was the amount accrued upon the petitioner's books prior to 1920, in accordance with the accounting requirements of the Interstate Commerce Commission. The income-tax returns for years prior to 1920 were made upon the accrual basis and we think correctly made when made in accordance with the books of account. That no possible basis existed for any other accrual is plainly indicated by the report of the Interstate Commerce Commission in Docket 9200, *Railway Mail Pay,* 56 I.C.C. 1. That a dispute existed can not be doubted since the Post Office Department and the railroads contended for bases of compensation widely different (56 I.C.C. 1).

Interstate Commerce Commission Decision 9200 extended the provisions of the Act of 1916 to carriers other than those selected by the Postmaster General. In effect, that decision ordered compensation for transporting the mails to be made upon the space system but it did not even approximately determine the mail pay of any particular railroad. Subsequent proceedings were doubtless necessary to determine the application of the space system to carriers theretofore compensated upon some other basis.

The petitioner argues that the accounting regulations of the Interstate Commerce Commission do not govern the issue before this Board. We recognized the force of this argument in *New York, Chicago & St. Louis R.R. Co.,* 26 B.T.A. 1229, 1290, where we said that:

* * * What a carrier may do in its accounting classification as a private industry or even as a regulated interstate carrier is apart from its subservience as a taxpayer to the requirements of the revenue law. *Old Colony R.R. Co.* v. *Commissioner,* 284 U.S. 552. * * *

See also *Kansas City Southern Ry. Co.* v. *Commissioner,* 52 Fed. (2d) 372, 377.

In the circumstances of the instant proceeding, we are of opinion that the accounting regulations of the Interstate Commerce Commission as applied to the items under consideration are reasonable and more nearly reflect this petitioner's true income than would the accrual of these items in 1919. The petitioner has treated these items as income in the manner provided by the Interstate Commerce Commission regulations and there is nothing in this record to warrant a departure from our holding in *International-Great Northern R.R. Co., supra.*

*Judgment will be entered under Rule 50.*